# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: March 4, 2016
Case No. 13-766V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| I.H., a minor, by his mother | * | |
| ALESKIS BROWN, | * | Chief Special Master Dorsey |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| | * | Influenza ("flu") Vaccine; |
| v. | * | Narcolepsy; Cataplexy; Hypersomnia; |
| | * | Lack of Coordination/Ataxia. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Michael G. McLaren, Black McLaren, et al., P.C., Memphis, TN, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On October 2, 2013, Aleskis Brown ("petitioner") filed a petition on behalf of her minor son, I.H., under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleges that I.H. developed narcolepsy, cataplexy, hypersomnia, lack of coordination/ataxia, and other neurologic and physical impairments as a result of receiving the influenza ("flu") vaccination on December 10, 2012. Petition at 1. The undersigned determined

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged and confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that the onset of petitioner's condition began between January 6 and 8, 2013.  See Ruling Regarding Findings of Fact dated August 4, 2015, (ECF No. 45).

On March 4, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.

Respondent denies that the influenza vaccine caused I.H.'s alleged injuries.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum in the amount of $550,000.00, in the form of a check payable to petitioner, Aleskis Brown, as guardian of I.H.'s estate.**  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation dated March 4, 2016, (ECF No. 58) at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| I.H., a minor, by his mother ALESKIS BROWN, | ) ) ) ) |
| Petitioner, | ) No. 13-766V   ECF ) |
| v. | ) Chief Special Master Dorsey ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Aleskis Brown, filed a petition for vaccine compensation on behalf of her son, IH, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to IH's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. IH received the flu vaccine on December 10, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that, as a result of receiving the vaccine, IH suffered from narcolepsy, cataplexy, hypersomnia, lack of coordination/ataxia, and neurologic and/or other physical impairments, and that IH experienced the residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

1

for damages as a result of the alleged injury.

6. Respondent denies that the vaccines caused or significantly aggravated IH's alleged medical condition and injuries, any of his ongoing symptoms, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $550,000.00, in the form of a check payable to petitioner as guardian of IH's estate.

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of IH, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian of IH's estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian of IH's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian of the estate of IH at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of IH upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, as legal representative of IH, and on behalf of herself, IH, and their heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages,

loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of IH resulting from, or alleged to have resulted from, the vaccines administered on December 10, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about October 2, 2013, in the United States Court of Federal Claims as petition No. 13-766V.

15. If IH should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the

4

Secretary of Health and Human Services that the vaccines either caused or significantly aggravated IH's alleged medical condition or any other injury.

19.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

5

RECEIVED BY IRS-EEFAX    03/01/2016 1:38PM (GMT-06:00)

Respectfully submitted,

PETITIONER:

_Aleskis Brown_
ALESKIS BROWN

ATTORNEY OF RECORD FOR PETITIONER:

_Mike Mclaren by Chris_ w/ perm.
MICHAEL G. MCLAREN
Black McLaren Jones Ryland & Griffee
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

_Narayan Nair_ per
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
  Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and
  Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 3/4/16

ATTORNEY OF RECORD FOR RESPONDENT:

_Darryl R. Wishard_
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4357

03/01/2016 14:31  9013661429  P  PAGE 06