# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 13-766V

Filed: December 16, 2016

| | | |
|---|---|---|
| I.H., a minor, by his mother ALESKIS BROWN, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | UNPUBLISHED<br><br>Chief Special Master Dorsey<br><br>Attorneys' Fees and Costs; Reasonable Hourly Rates. |

Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, D.C., for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 2, 2013, Aleskis Brown ("petitioner") filed a petition on behalf of her minor son, I.H., under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that I.H. suffered narcolepsy, cataplexy, hypersomnia, lack of coordination/ataxia, and other neurologic and physical impairments as a result of receiving the influenza ("flu") vaccination on December 10, 2012. Petition at 1.

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

A fact hearing was held on April 7, 2015, in Memphis, Tennessee. On March 4, 2016, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation in the amount of $550,000.00. See Stipulation dated March 4, 2016 (ECF No. 58) at ¶ 8. The undersigned approved the requested amount for petitioner's compensation. See Decision dated March 4, 2016 (ECF No. 59) at 2.

On June 28, 2016, petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C., of Memphis, Tennessee ("the McLaren firm"), filed a motion for attorneys' fees and costs. See Petitioner's Application ("Pet'r's App.") (ECF No. 64) at 1. Petitioner's motion requested $60,134.81 in attorneys' fees and $27,365.87 in attorneys' costs, for a total of $87,500.68. See Pet'r's App. Ex. 2 at 33. In accordance with General Order #9, petitioner filed a sworn declaration stating that she incurred no personal costs in pursuit of this claim. See Pet'r's App., Ex. 3 at 1.

Citing McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), petitioner's counsel requests forum rates comparable to those paid in McCulloch to the firm of Conway Homer & Chin-Caplan ("the Homer firm"), arguing that "petitioner's counsel is highly qualified, has significant experience handling vaccine cases, and has a strong reputation through the program for performing quality work." Pet'r's App. at ¶ 16.

On July 5, 2016, respondent filed a response to petitioner's motion. Respondent's Response ("Resp's Resp.") dated July 5, 2016 (ECF No. 65). Respondent argued that petitioner's counsel is not entitled to forum rates and described the payment of Dr. Gershwin as "troubling," but otherwise declined to further address the specifics of petitioner's request. Respondent deferred to the Chief Special Master's discretion with regard to the reasonableness of the requested hours and expenses. Id. at 12. Respondent proposed that a reasonable amount for fees and costs in the present case would fall between $52,000.00 and $61,000.00. Id. at 13.

In a reply filed on July 7, 2016, petitioner contended that respondent's proposed range is arbitrary and should be considered to "carry no persuasive value." See Petitioner's Reply ("Pet'r's Reply") dated July 7, 2016 (ECF No. 66) at 1. Petitioner further contended that respondent's response was limited to disputing the application of a forum rate and urged that respondent be deemed to have waived any specific objections to the remainder of petitioner's fee application. Id. at 4 n.2. Petitioner also submitted supplemental billing records requesting $884.50 in additional fees and $8.20 in additional costs incurred in preparing petitioner's fee application, bringing the total requested amount of attorneys' fees and costs to $88,393.38. Id., Ex. 2 at 1.

This matter is now ripe for adjudication. For the reasons set forth below, the undersigned GRANTS petitioner's motion for attorneys' fees and costs and awards a total of $88,375.38.

On November 4, 2016, the undersigned issued a reasoned decision in Henry v. Sec'y of Health & Human Servs., 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the parties' respective arguments regarding the appropriateness of forum versus local hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should

be compensated at forum rates, which are consistent with the rates requested in the instant application. The undersigned adopts the reasoning in the Henry decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned will not reduce the requested hours or costs.[3] However, consistent with Henry, the undersigned reduces the award to reflect an hourly rate reduction for 2016 paralegal rates. The undersigned further notes that the instant application for fees and costs states that petitioner requests $140.00 per hour for paralegal work performed in 2016. See Pet'r's App. at 24, n. 10. However, the billing records reveal that some of the firm's paralegals were billing $140.00 per hour in 2016, while others were billing $150.00 per hour. Compare Pet'r's App., Ex. 2 at 28, with id. at 29. In accordance with her previous decision in Henry, the undersigned reduces the entries billed at the $150.00 per hour rate to $145.00 per hour, thus reducing petitioner's fees in this case by $18.00.[4]

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $27,374.07 in attorneys' costs. See Pet'r's App., Ex. 2 at 33; Pet'r's Reply Ex. 2 at 1. The requested attorneys' costs include filing fees, medical record fees, postage, photocopies, travel expenses, court reporter fees, guardianship services, and expert fees charged by Dr. Merrill Eric Gershwin, Dr. C. Greg Cates, Dr. Robert A. Schoumacher, and Dr. Parker Cashdollar. See Pet'r's Ex. 38 at 29-32, 77-79. In accordance with General Order #9, petitioner states that she did not incur personal costs in pursuit of the claim. See Pet'r's App., Ex. 3 at 1. The undersigned finds the requested attorneys' costs to be reasonable and will pay them in full.

## I. Conclusion

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

---

[3] After reviewing the billing records, the undersigned warns petitioner that in the future, counsel should avoid excessive time spent reviewing documents and having intraoffice communications. The undersigned has previously found it reasonable to reduce the fees paid to attorneys due to excessive hours and/or duplicative billing. See, e.g., Cozart v. Sec'y of Health & Human Serv., No. 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016) (reducing requested attorneys' fees by five percent due to excessive hours billed by multiple attorneys); Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016) (reducing overall fee award by ten percent due to excessive and duplicative billing); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Serv., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015) (reducing an attorney's unnecessary and duplicative billings by one-half).

[4] Petitioner billed 3.6 hours of paralegal work in 2016 at a rate of $150.00 per hour for a total of $540.00. See Pet'r's App., Ex. 2; Pet'r's Reply, Ex. 2. The undersigned will compensate petitioner for 3.6 hours of paralegal work in 2016 at a rate of $145.00 per hour for a total of $522.00, thus reducing petitioner's fees by $18.00.

| | |
|---|---|
| Requested attorneys' fees: | $61,019.31 |
| 2016 Paralegal Rate adjustment | - $18.00 |
| Adjusted total: | $61,001.31 |
| Requested Costs: | $27,374.07 |
| **Total Attorneys' Fees and Costs Awarded:** | **$88,375.38** |

**Accordingly, the undersigned awards a lump sum of $88,375.38, representing attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

In the absence of a motion for review filed pursuant to the RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each part, either separately or jointly, filing a notice renouncing the right to seek review.